Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Marketing, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MARKETING, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID G. RAMIREZ, and ZULEIKA RAMIREZ, INDIVIDUALLY, and d/b/a LA CASITA RESTAURANT,<br><br>Defendants. | Case No. CV 07-5122 MJJ<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>DESIGNATION: PROPERTY RIGHTS |

**PLAINTIFF ALLEGES:**

## JURISDICTION

1.   Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

///
///
///

2.  This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.  This Court has personal jurisdiction over the parties in this action as a result of the Defendants wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff.

**VENUE**

4.  Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Northern District of California, San Francisco Division because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**INTRADISTRICT ASSIGNMENT**

5.  Assignment to the San Francisco Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Alameda County.

**THE PARTIES**

6.  The Plaintiff, Innovative Sports Marketing, Inc. is, and at all relevant times mentioned was, a New Jersey corporation with its principal place of business located at 720 Monroe Street, Suite E303, Hoboken, NJ 07030.

7.  Plaintiff is informed and believes, and alleges thereon that defendant, David G. Ramirez, is an individual and the d/b/a La Casita Restaurant is a business entity, the exact nature of which is unknown, having its principal place of business at 320 A. Street, Hayward, California 94541.

8. Plaintiff is informed and believes, and alleges thereon that defendant, Zuleika Ramirez, is an individual and the d/b/a La Casita Restaurant is a business entity, the exact nature of which is unknown, having its principal place of business at 320 A. Street, Hayward, California 94541.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

9. Plaintiff Innovative Sports Marketing, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

10. By contract, Plaintiff Innovative Sports Marketing, Inc., paid for and was thereafter granted the exclusive nationwide television distribution rights to *Club America v. Chivas Soccer Game* which took place on October 8, 2004, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

11. Pursuant to contract, Plaintiff Innovative Sports Marketing, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

12. As a commercial distributor of sporting events, including the Program, Plaintiff Innovative Sports Marketing, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

13. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendant and/or agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized

interception, publication, exhibition and divulgence by the defendants were done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

14.  Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff Innovative Sports Marketing, Inc., had the distribution rights thereto).

15.  By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

16.  By reason of the defendants' violation of Title 47 U.S.C. Section 605*, et seq*., Plaintiff Innovative Sports Marketing, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

17.  As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Innovative Sports Marketing, Inc., is entitled to the following from each defendant:

(a)  Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(b)  the recovery of full costs, including reasonable attorneys fees, pursuant to Title47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, plaintiff prays for judgment as set forth below.**

///

///

///

# COUNT II

### (Violation of Title 47 U.S.C. Section 553)

18. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19. The unauthorized interception, exhibition, publication, and divulgence of the Program by the above named defendants are prohibited by Title 47 U.S.C. Section 553, *et seq.*

20. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

21. By reason of the defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff Innovative Sports Marketing, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

22. As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff Innovative Sports Marketing, Inc., is entitled to the following from each defendant:

    (a) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (b)(2) and also

    (b) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C), and also

    (c) and in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, plaintiff prays for judgment as set forth below.**

## COUNT III

### (Conversion)

23. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-22, inclusive, as though set forth herein at length.

24. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

25. The aforesaid acts of the defendants were willful, malicious, and intentionally designed to harm Plaintiff Innovative Sports Marketing, Inc., and to subject said Plaintiff to economic distress.

26. Accordingly, Plaintiff Innovative Sports Marketing, Inc., is entitled to both compensatory, as well as punitive damages, from aforementioned defendants as the result of the defendants' egregious conduct and conversion.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $100,000.00 against defendant, and
2. For reasonable attorney fees pursuant to statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper.

///

///

**As to the Second Count:**

1. For statutory damages in the amount of $50,000.00 against defendant, and;
2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against defendant, and;
2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: December 13, 2007         */s/ Thomas P. Riley*
                                 **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                 By: Thomas P. Riley, Esquire
                                 Attorneys for Plaintiff
                                 Innovative Sports Marketing, Inc.

## PROOF OF SERVICE (SERVICE BY FIRST CLASS MAIL)

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On November 13, 2007, I served:

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

**DESIGNATION; PROPERTY RIGHTS**

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:

David G. Ramirez   (Defendant)
11571 Manzanita Ln.
Dublin, CA 94568

Zuleika Ramirez   (Defendant)
11799 Bloomington Way
Dublin, CA 94568

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on November 13, 2007, at South Pasadena, California.

Dated:  November 13, 2007                         */s/ Arlene Visio*
                                                                        ARLENE VISIO